UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Corvin Bolden,

        Plaintiff,

   v.                             **MEMORANDUM OPINION AND ORDER**
                                       Civil No. 07-4702 ADM/JSM

Officer Mark Beaupre, Officer
Kristin Sturgis, Officer John Engle,
The City of Minneapolis, and
Nurse Donna Doe,

        Defendants.

___

Jill Clark, Esq., Jill Clark, PA, Golden Valley, MN, for Plaintiff.

C. Lynne Fundingsland, Esq., Gregory P. Sautter, Esq., and Tracey N. Fussy, Esq., Assistant Minneapolis City Attorneys, Minneapolis, MN, for Defendants.

___

## I. INTRODUCTION

The above-titled matter was tried before a jury commencing on February 1, 2010. On February 8, 2010, a jury returned a verdict in favor of Defendants Officer Mark Beupre, Officer Kristin Sturgis, Officer John Engle, and the City of Minneapolis (collectively "Defendants"). Judgment was entered on February 26, 2010, and Plaintiff Corvin Bolden ("Bolden") timely filed his Post-Verdict Motions [Docket No. 94] on March 26, 2010, seeking judgment as a matter of law, a new trial, and sanctions for spoliation. For the reasons set forth below, Bolden's Post-Verdict Motions are denied.

## II. BACKGROUND

This case arises out of an altercation that took place in North Minneapolis. On March 24, 2006, Minneapolis police officers responded to a report that three individuals were using drugs inside a burgundy Toyota. Officers Beaupre and Sturgis were the first officers to arrive on the scene; Bolden was in a van parked on the street. Bolden and Defendants offer very different accounts of what transpired after the police officers arrived on the scene.

According to Bolden, as he was sitting in the van, he observed Officer Beaupre approach the van with his gun drawn. Bolden claims that Officer Beaupre ordered him out of the vehicle and then, unprovoked, punched him in the face, grabbed him and tried to push him up against the van, pulled out several of his dreadlocks, and stuck a thumb or finger in his eye. Bolden testified that shortly after Officer Beaupre initiated physical contact, Officer Sturgis joined in the fracas and held Bolden's head against the ground with her legs. Later on, Bolden claims, Officer Engle arrived on the scene and started hitting him repeatedly with a baton for no reason.

Officers Beaupre and Sturgis testified that they witnessed an individual whom they suspected of having used drugs get into the van in which Bolden was sitting. Officer Beaupre testified that as he approached the van to determine whether any of the occupants were involved in illegal activity he saw two open containers of what he suspected to be malt liquor in the van. He ordered the individual sitting in the driver's seat, Bolden, out of the van, announced that he was under arrest, and manuevered to place him in handcuffs. According to Officer Beaupre, Bolden immediately took a "fighting stance" and he initiated physical contact because he believed that Bolden was about to begin fighting with him. Officer Sturgis testified that she intervened when she saw Bolden punch Officer Beaupre in the face. Officers Beaupre and

Sturgis testified that they struggled for several minutes to bring Bolden under control and that Bolden repeatedly ignored their commands. Officer Engle testified that when he arrived, Officers Beaupre and Sturgis had partial control of Bolden because they had him pinned against the ground but that Bolden was still struggling against the officers' efforts. Officer Engle further testified that he struck Bolden in the thigh with his baton after Bolden failed to comply with multiple commands to stop resisting.

Jeff Tyson, a citizen witness and the North Minneapolis resident who reported the suspected drug activity in the Toyota, watched the interaction between Bolden and the police officers. He testified that Bolden was acting aggressively, that the officers were unable to get control of him, and that it appeared as if the officers were losing the fight and needed help.

Bolden did not move for judgment as a matter of law at any time prior to the case being submitted to the jury. Following its deliberations, the jury returned a verdict finding that the officers were not liable on claims of assault, battery, unlawful arrest, and excessive force.

### III. DISCUSSION

**A.    Judgment as a Matter of Law under Rule 50**

Invoking Federal Rule of Civil Procedure 50(b), Bolden moves for judgment as a matter of law, or a new trial, on (1) whether the force used by Officers Beaupre and Engle was excessive and (2) whether the City of Minneapolis is liable under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978) and its progeny because the Minneapolis Police Department policies in effect at the time of the incident evince a deliberate indifference to his constitutional rights and were the moving force behind the constitutional violation. Pl.'s Mem. in Supp. of Post-Trial Mots. [Docket No. 95] at 6-8. Judgment as a matter of law under Rule 50

3

of the Federal Rules of Civil Procedure is appropriate only when there is insufficient evidence to permit a reasonable jury to find in favor of the nonmoving party. Gardner v. Buerger, 82 F.3d 248, 251 (8th Cir. 1996). The facts must be viewed in the light most favorable to the verdict, assuming that the jury resolved all evidentiary conflicts in favor of the prevailing party. Van Steenburgh v. Rival Co., 171 F.3d 1155, 1158 (8th Cir. 1999). The Court will "not weigh, evaluate, or consider the credibility of the evidence." Triton Corp. v. Hardrives, Inc., 85 F.3d 343, 345 (8th Cir. 1996). A jury's verdict should not be overturned unless no reasonable juror could have found in favor of the prevailing party. Van Steenburgh, 171 F.3d at 1158; Ryther v. KARE 11, 108 F.3d 832, 836 (8th Cir. 1997). "A jury verdict will not be set aside unless there is a complete absence of probative facts to support a verdict." Walsh v. Nat'l Computer Sys., Inc., 332 F.3d 1150, 1158 (8th Cir. 2003) (quotation omitted).

The Eighth Circuit has held that a motion for judgment as a matter of law under Rule 50(b) "*requires* that the moving party make the motion [pursuant to Rule 50(a)] prior to the time the case goes to the jury." Douglas County Bank & Trust Co. v. United Fin. Inc., 207 F.3d 473, 477 (8th Cir. 2000). Bolden concedes that he did not move for judgment as a matter of law at the close of his own case, at the close of all of the evidence, or, for that matter, at any time prior to the case being submitted to the jury.[1] He maintains, however, that even when no Rule 50(a) motion is made prior to the submission of the case to the jury, judgment as a matter of law under

---

[1] Bolden acknowledges that "[u]sually," a party must raise a Rule 50(a) motion prior to the close of evidence to preserve the ability to renew the motion under Rule 50(b) after the verdict. Pl.'s Mem. in Supp. of Post-Trial Mots. at 6. He contends, however, that after examining the new version of Rule 50, which went into effect on December 1, 2009, "this no longer appears to be the case." Id. The argument is disingenuous as the only difference between the old and the new version is that the new version extended the time within which a post-trial Rule 50(b) motion must be filed from 10 days after the entry of judgment to 28 days.

4

Rule 50(b) "is warranted when the verdict constitutes plain error, and miscarriage of justice would result if the verdict remained in effect."  Pl.'s Mem. in Supp. of Post-Trial Mots. at 6. Furthermore, he contends that permitting his motion for judgment as a matter of law would not "disturb" the policy underlying Rule 50.  Id. at 7.

In a recent excessive force case, counsel for Bolden made the same arguments in an attempt to avoid the requirements of a post-trial Rule 50 motion.  See Bady v. Murphy-Kjos, Civil No. 06-2254, 2009 WL 3164793, at *2-4 (D. Minn. Sept. 29, 2009).  In that case, Judge Tunheim rejected the arguments.  Id.  Bolden's motion under Rule 50 for judgment as a matter of law and alternative motion for a new trial is denied.[2]

**B.    Motion for a New Trial**

Bolden moves for a new trial under Rule 59 on the excessive force, lack of neutral investigation, and Monell claims.  The decision whether to grant a new trial under Federal Rule of Civil Procedure 59(a) is committed to the discretion of the district court.  Pulla v. Amoco Oil Co., 72 F.3d 648, 656 (8th Cir. 1995).  A district court may grant a motion for a new trial if it "believe[s] . . . that the verdict was so contrary to the evidence as to amount to a miscarriage of justice."  Butler v. French, 83 F.3d 942, 944 (8th Cir. 1996).  A district court is "not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn

---

[2] Bolden also suggests that the Special Verdict Form was constructed improperly because it instructed the jury not to consider the issue of the City's liability if it found that the officers did not use excessive force.  Counsel for Bolden admits, however, that no objection was raised regarding this issue prior to submission of the special verdict form to the jury.  Accordingly, Bolden has failed to preserve the issue for review.  See Morse v. S. Union Co., 174 F.3d 917, 927 (8th Cir. 1999) (holding that a party failed to preserve an issue for appeal regarding the special verdict form when the party failed to object prior to submission of the verdict form to the jury).

different inferences or conclusions or because [the court] feel[s] that other results are more reasonable." Fireman's Fund Ins. Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 186 (8th Cir. 1972).

A new trial also may be ordered if the court erred in instructing the jury on the applicable law. T.H.S. Northstar Assocs. v. W.R. Grace & Co.-Conn., 860 F. Supp. 640, 650 (D. Minn. 1994), vacated on other grounds, 66 F.3d 173 (8th Cir. 1995). A district court, however, has broad discretion in framing instructions and need not give every proposed instruction as long as the court adequately presents the law and the issues to the jury. Fleming v. Harris, 39 F.3d 905, 907 (8th Cir. 1994). Moreover, the instructions are to be considered in their entirety to determine whether, when read as a whole, the charge fairly and adequately submits the issues to the jury. Laubach v. Otis Elevator Co., 37 F.3d 427, 429 (8th Cir. 1994). "A single erroneous instruction will not necessarily require reversal." Id.

Bolden argues that the evidence showed that Officer Beaupre initiated physical contact by punching him in the face. He contends that because he did not initiate physical contact, no use of force by Officer Beaupre was necessary and, therefore, all force used was excessive. Bolden argues the Court should rule as a matter of law that the force used was excessive and then order a new trial on damages only. Alternatively, Bolden contends the jury's verdict on excessive force is against the great weight of the evidence and that a new trial is warranted on that ground. Bolden's arguments are meritless.

As previously discussed, Bolden failed to request a ruling prior to the case being submitted to the jury that, as a matter of law, the force used was excessive, thus precluding such a request after the verdict. Bolden's argument that "[n]o force was necessary, therefore all force

6

was excessive," Pl.'s Mem. in Supp. of Post-Trial Mots. at 11, ignores the evidence and version of the events proffered by Defendants that the use of force was a reasonable response to Bolden taking a threatening, "fighting stance" when Officer Beaupre ordered him out of the van and stated he was under arrest.[3] The Court accepts that the jury resolved the credibility and evidentiary issues in favor of Defendants on the necessity to resort to force.

Bolden next argues that the jury instructions on excessive force were erroneous. The instructions given were based on the Eighth Circuit's model instructions on excessive force claims, with the addition of the following paragraph requested by Bolden regarding his litigation theory that any force or resistance on his part was in self defense to an unprovoked attack by the officers:

> No crime is committed when a person acts, even intentionally, if the person's action was taken in resisting or preventing an offense the person reasonably believed exposed the person to great bodily harm. In order for a person's conduct to be justified, three conditions must be met. First, the act must have been done in the belief that it was necessary to prevent great bodily harm. Second, the belief of the person as to the level of the potential bodily harm must have been reasonable under the circumstances. Third, the person's election to defend must have been such as a reasonable person would have made

---

[3] In his arguments regarding jury instructions, Bolden's "no force was necessary, therefore all force was excessive" argument proceeded on a theory that the officers lacked probable cause to arrest Bolden and failed to conduct a sufficiently neutral investigation and, therefore, all force used was unreasonable as a matter of law. See Pl.'s Proposed Jury Instructions [Docket No. 49] at 27-29. The jury's verdict on the unlawful arrest claim constitutes a finding that the officers had probable cause to arrest Bolden for the crimes of open bottle and assault on a police officer. But even if the jury were to have found that the officers lacked probable cause, "[a]ll claims that law enforcement officers used excessive force in making an arrest should be analyzed under the reasonableness standard of the Fourth Amendment, *including those where the arresting officer lacked probable cause*." McKenna v. City of Philadelphia, Civil Action No. 07-CV-110, 2008 WL 4450223, at *5 (E.D. Pa. Sept. 30, 2008) (emphasis added) (citing Jones v. Parmley, 465 F.3d 46, 62 (2d Cir. 2006); Graham v. Connor, 490 U.S. 386, 395 (1989)).

7

> in light of the danger perceived and the existence of any alternative way of avoiding the peril.

Jury Instructions [Docket No. 84] at 25-26. The Court has reviewed the jury instructions that were given, which mirrored the Eighth Circuit's model instructions, and concludes that the jury was properly instructed regarding the excessive force claim. Bolden fails to cite any authority in support his his argument that the model instructions, upon which the Court's instructions were based, are unfairly tailored in favor of police officers in an excessive force claim.

Bolden argues that the jury instructions on the false arrest claim also were erroneous, and he seeks a new trial or, alternatively, judgment as a matter of law. Again, Bolden did not move for judgment as a matter of law on the false arrest claim prior to submission of the case to the jury. Bolden did, however, timely object to the false arrest instructions, and he renews his argument that the instructions "should add more law that police cannot turn a blind eye to the evidence, and if they do, they lacked probable cause as a matter of law." Pl.'s Mem. in Supp. of Post-Trial Mots. at 11. The "more law" to which Bolden refers appears in the Eighth Circuit's decision in Kuehl v. Burtis, in which the court acknowledged the proposition that police officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect and probable cause "does not exist when a minimal further investigation would have exonerated the suspect." 173 F.3d 646, 650 (8th Cir. 1999) (quotation omitted). In support of the proposition, the court cited a string of cases, including one particular case stating that a police officer "may not close her or his eyes to facts that would help clarify the circumstances of an arrest." BeVier v. Hucal, 806 F.2d 123, 128 (7th Cir. 1986). Upon review of the instructions that were given to the jury, the Court is satisfied that the jury was adequately and properly instructed on the false arrest claim. The instructions conveyed the concept that probable cause is determined based on a

consideration of all the evidence, not just the incriminating evidence. While Bolden "believes" that more emphasis is warranted on the so-called "duty to conduct a reasonably thorough investigation," jury instructions are to be neutral, and Bolden is not entitled to the particular formulation of the legal principles he feels are most favorable to his case. See Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 519 (8th Cir. 1984) (holding that an instruction placed undue emphasis on a matter favorable to one party's case); Vanskike v. ACF Indus., Inc., 665 F.2d 188, 201 (8th Cir. 1981) ("A court should go as far as possible to avoid giving undue prominence to a particular theory.").

**C.     New Trial as a Sanction for Spoliation**

Lastly, Bolden argues that the Court should order a new trial as a sanction for alleged spoliation of evidence. Specifically, Bolden complains that Defendants failed to preserve video footage from cameras in the squad cars that were at the scene and the dreadlocks that were pulled from Bolden's head during the altercation. Prior to the trial, Bolden presented his spoliation of evidence argument to Magistrate Judge Janie S. Mayeron in a motion for sanctions. Motion for Sanctions [Docket No. 21]. Judge Mayeron denied the motion, concluding that Bolden failed to show that Defendants (1) had a duty to preserve the dreadlocks, (2) could have known the civil litigation regarding a claim of excessive force was reasonably foreseeable, (3) intentionally chose not to gather the dreadlocks in an effort to suppress the truth, (4) intentionally destroyed the videotapes from the squad cars to conceal evidence. Jan. 11, 2010 Order [Docket No. 41] at 12-19. Bolden did not timely appeal Judge Mayeron's Order denying his motion, and, therefore, under the Federal Rules of Civil Procedure and the Local Rules in this district, he "may not assign as error a defect in [that] order not timely objected to." Fed. R. Civ.

P. 72(a); D. Minn. LR 72.2(a).

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Corvin Bolden's Post-Verdict Motions [Docket No. 94] are **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 24, 2010.